FILED
2022 Mar-24  AM 11:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED
United States District Court
Northern District of Alabama

MAR 24 2022

Judge R. David Proctor

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 2:21-cr-198-RDP-GMB |
| | ) |
| ANTONIO ZAPATA CHAIREZ | ) |

## PLEA AGREEMENT

The Government and defendant hereby acknowledge the following plea agreement in this case:

## PLEA

The defendant agrees to (i) plead guilty to **COUNT THREE** of the Indictment filed in the above-captioned matter; and (ii) pay restitution in an amount to be determined by the Court but not less than $3,000 per victim[1]. In exchange, the United States Attorney, acting on behalf of the Government and through the undersigned Assistant United States Attorney, agrees to dismiss Counts One and Two of the Indictment in this case, agrees to recommend that any imposed sentence associated with pending case 2:19-cr-462-RDP-SGC run concurrent with the

A.Z

---

[1] Pursuant to 18 U.S.C. § 2259(b)(2)(B), the court shall "order restitution in an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000."

Page 1 of 25

sentence in this case, and recommend the disposition specified below, subject to the conditions in paragraphs **IX and X**.

## **TERMS OF THE AGREEMENT**

### **I. MAXIMUM PUNISHMENT**

The defendant understands that the maximum statutory punishment that may be imposed for Possession of Child Pornography, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2) as charged in **COUNT THREE** is:

a. Imprisonment for not more than TWENTY (20) years;

b. A fine of not more than $250,000;

c. Both (a and b);

d. Supervised release of not less than FIVE (5) years and not more than LIFE;

e. Forfeiture;

f. Mandatory restitution;

g. Special Assessment Fee of $100 per count under 18 U.S.C. § 3013;

h. An assessment of $5,000 per count under 18 U.S.C. § 3014, if the defendant is non-indigent; and

i. An AVAA Special Assessment Fee under 18 U.S.C. § 2259A of up to $17,000.[2]

---

2  18 U.S.C. § 2259A(a)(1) provides that "[i]n addition to any other criminal penalty, restitution, or special assessment authorized by law, the court shall assess - ..." not more than $17,000 on any individual convicted of possession of child pornography.

A-2

## II. <u>FACTUAL BASIS FOR PLEA</u>

The Government is prepared to prove, at a minimum, the following facts at the trial of this case:

On October 30, 2018, an online covert employee ("OCE"), while acting in an undercover capacity, signed into a Peer-to-Peer ("P2P") file sharing program from an Internet connected computer at the Oklahoma City Division of the FBI. The OCE queried his network of "friends" and observed that the individual utilizing the username "O.gfly" was logged into the network. The OCE viewed O.gfly's shared directory which consisted of one password protected folder named "folder". The OCE did not have the password needed to access this folder. The OCE had one shared folder named "Littles" which was not password protected. This folder contained 160 video files with filenames consistent with files depicting child pornography. The files in this folder did not actually contain child pornography and were corrupt, meaning they would not actually open or play.

On October 30, 2018, at 3:14 p.m., O.gfly began downloading a file from the OCE'S shared files. At 3:15 p.m., the OCE engaged O.gfly in a chat conversation by asking for a password to access O.gfly's files. O.gfly provided the password of "231". The OCE used this password to access O.gfly's shared folder. The shared folder contained three image files and 36 video files. Many of these files had

Defendant's Initials A-2

names that suggested they contained child pornography.   The OCE selected and downloaded 13 files directly from O.gfly.   Of these files, three were image files and ten were video files.   The OCE reviewed the files and found they all appeared to depict child pornography.   During this session, O.gfly selected three video files from the OCE'S shared files to download.   Below is a list of the files O.gfly attempted to download from the OCE; however, none of the files completed the download process due to being corrupt:

a.     !!!cum russianboyz 1(2)(2)(ee2).avi

b.     !!NEW-boy- Daniel 9years and Oncle(good!).m4v.avi

c.     [MB] cute 8yo little boy Trevor and daddy sexy sex (04-March-2008)NEW!!!.avi

Below are the chat messages sent between the OCE and O.gfly during this session:

```
OCE (30/10 15:15)   > Hi there
OCE (30/10 15:15)   > got a password to share buddy?
O.gfly (30/10 15:16)   > yes 231
OCE (30/10 15:16)   > thanks
O.gfly (30/10 15:19)   > no prob
OCE (30/10 15:23)   > lots of spanish files …. you speak spanish?
OCE (30/10 15:25)   > well glfy… english or not we can be friends
OCE (30/10 15:28)   > what is o.glfy anyways… a bit of a strange name
OCE (30/10 15:28)   > I'm Justin btw
OCE (30/10 15:31)   > OK… maybe we can chat next time
O.gfly (30/10 15:31)   > yes I speak english bro
O.gfly (30/10 15:32)   > yeah thats cool anytime
```

Defendant's Initials _A. Z_

```
O.gfly (30/10 15:32)   > bro
OCE (30/10 15:32)   > thats good
OCE (30/10 15:32)   > too many foreigners on here lol
O.gfly (30/10 15:33)   > yes indeed
O.gfly (30/10 15:33)   > but oh well
O.gfly (30/10 15:33)   > thats the way itis
OCE (30/10 15:33)   > yeah
O.gfly (30/10 15:34)   > I got many spanish contacts thats why I got most of
                          my files in Spanish
OCE (30/10 15:34)   > I cant stay long today … I got visitation with my
                          daughter today.. not halloween tho which sucks
OCE (30/10 15:34)   > ah
O.gfly (30/10 15:35)   > I gotcha bro no prob maybe next time I get a file
OCE (30/10 15:35)   > sure thing … interent is a bit funky today
O.gfly (30/10 15:36)   > haha yeah
OCE (30/10 15:36)   > ill be on tomorrow before all the trick or treaters come
                          out.
```

The following are several of the files the OCE downloaded from O.gfly that depicted child pornography:

A)  !!! New Trisha – Preteen daughter Fucking Hard█ – video of a prepubescent female being vaginally penetrated by an adult male.  (3 minutes and 56 seconds in length)

B)  pthc ambar compresident ██████ – video compilation of dozens of images of prepubescent children being penetrated vaginally or anally by adult men and at least one animal.  (6 minutes and 11 seconds in length)

C)  pthc ambar estefy anal ██████– a video compilation of images and videos of prepubescent children being penetrated by adult men.  (9 minutes and 39 seconds in length)

D)  8yr Latina VID – ████████████ – a video of a prepubescent female being vaginally and/or anally penetrated by an adult male.  (17 seconds in length)

E)  182-lopia██ – image of a prepubescent female being vaginally and/or anally penetrated by an adult male.

Defendant's Initials _A.Z_

During this session of browsing and downloading from O.gfly, the OCE identified the IP address utilized by O.gfly as 97.81.244.131 which belonged to Charter Communications ("Charter").   On October 31, 2018, an administrative subpoena was issued to Charter for subscriber information related to this IP address. On November 5, 2018, Charter responded with the following results:

**Name**:   L█ B█
**Service Address**: ███████████ Lot 65, Birmingham, Alabama, ████████
**Telephone**: ████████8714
**Contact email**: █████████████
**Active Charter Identities**:
████████████████████████

On December 13, 2018, surveillance was conducted at the above noted Birmingham residence, and a blue Nissan Altima was observed at the residence. A DMV check of the Altima's license plate provided the following results:    Antonio Zapata Chairez, █████████████ Lot 65, Birmingham, Alabama ████.

On January 3, 2019, the OCE observed that O.gfly was logged into the P2P network.   The OCE viewed O.gfly's shared directory, which consisted of one password protected folder entitled "download".   The OCE used the password previously provided by O.gfly (231) to access the current shared folder; however, the password did not work.   The OCE sent O.gfly a chat message asking about a different password.   O.gfly responded by providing the password of "111".  · The

Defendant's Initials A.Z.

OCE accessed the folder named "download" using the password provided. The folder contained 43 video files with file names suggestive of child pornography. The OCE selected and downloaded five video files directly from O.gfly. The OCE reviewed the files and found they all appeared to depict child pornography.

The following are several of the files the OCE downloaded from O.gfly that depicted child pornography:

A)    Baby anal encore▇▇ – a video of a prepubescent female being penetrated vaginally and/or anally by an adult male. (5 minutes and 52 seconds in length)

B)    Pthc 2017 10 anal girl vid-▇▇▇▇▇▇ – a video of a prepubescent female being penetrated anally by an adult male. (1 minute and 59 seconds in length)

C)    Man fucks boy like a dog on bed-▇▇▇▇▇▇ – a video of a prepubescent male being penetrated anally by an adult male. (53 seconds in length)

D)    _ARESTRA_pthc 2015 8 yr anal huge cock▇▇ – a video of a prepubescent female being penetrated anally by an adult male (3 minutes and 6 seconds in length)

On August 6, 2019, agents conducted surveillance on the Birmingham address, and the blue Nissan Altima registered to Antonio Chairez was observed again at that location. On August 14, 2019, a federal search warrant was obtained for the residence. At the execution of the search warrant on August 20, 2019, the defendant, Antonio Valentin Zapata-Chairez, and his wife were at the residence. The couple had lived there for approximately five years with their two minor children.

Defendant's Initials A-Z

After being advised of the identity of the interviewing agent and the nature of the interview, the defendant agreed to talk with the agents. The defendant stated that he doesn't know anything about child pornography on his computer or anyone using his computer to download child pornography.   He stated that he leaves his computer open and that anyone could use it.   The defendant stated that his brother lives with him on and off.   When the defendant's wife was interviewed, she stated that the defendant does have a laptop computer but that she does not use it.   She also stated that no one else has lived in the house with them at any time except for their two minor children and that no one else has stayed with them overnight.

On August 20, 2019, FBI Digital Evidence Extraction Technician SA Hitson performed an extraction on two mobile phones and a laptop.   On March 23, 2021, SA Salvador concluded a forensic review of a Gateway 2000 laptop computer, S/N: NXY2ZAA01033891F026600. [3]   The review identified two images and three videos which constituted child pornography by the federal definition.   Both images depicted prepubescent females bent over on the bed and with their genitals exposed. Two of the three videos depicted prepubescent boys engaged in sexual acts.   The last video depicted multiple prepubescent girls engaged in sexual acts with each other.

---

[3]  A review of the mobile phones and other electronics seized as a result of the search warrant revealed no child pornography.

Defendant's Initials A-Z

One of the videos is described as follows:

The video depicted a nude prepubescent boy with his legs up in the air. An adult male can be seen rubbing his genitals on the nude prepubescent boy's anus. The video cuts to the adult male straddling the chest of the prepubescent boy while the adult male masturbates into the prepubescent boy's mouth.

An analytical review of 18 files was conducted relative to the defendant's electronic media equipment and his online account.   The purpose of this review was to provide counts and categories for images/videos which adhere to the federal definition of child pornography.   The following is a breakdown of above analysis:

| | | PENETRATION | | | | | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| # of Videos | # of Images | Prepubescent | Penis | Finger | Object | Humiliation | Bondage | Torture | Infant Toddler | Masturbation | Known Victim |
| 13x75 = 975 | 5 | 9 | 13 | 4 | 2 | 5 | 2 | | T = 2 | 7 | 2 |

The above count also included one instance of bestiality with penetration.

The Gateway 2000 laptop computer was manufactured in China.   The Internet is an instrumentality of interstate commerce. *United States v. Hornaday*, 392 F.3d 1306, 1311 (11th Cir. 2004).

The defendant expressly admits that he possessed child pornography, that the items of child pornography had been transported in interstate or foreign commerce, and that the defendant knew the items were or contained child pornography.

Defendant's Initials Ɐ⁻ᴢ

The defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the defendant's sentence. The defendant further acknowledges that these facts do not constitute all of the evidence of each and every act that the defendant and/or any co-conspirators may have committed.

_Antonio Zapata_

**ANTONIO ZAPATA CHAIREZ**

## III. RECOMMENDED SENTENCE

Subject to the limitations in paragraph **X** regarding subsequent conduct and pursuant to Rule 11(c)(1)(B), Fed.R.Crim.P., the government will recommend the following disposition:

a) The Government will recommend a two level reduction (or three level reduction, if allowed by U.S.S.G. § 3E1.1(b)), in the defendant's adjusted offense level, based upon the defendant's apparent recognition and affirmative acceptance of personal responsibility for his criminal conduct. The Government may oppose any adjustment for acceptance of responsibility if the defendant: (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives

Defendant's Initials A-Z

conflicting statements about his involvement in the offense; (d) is untruthful with the Court, the government, or the United States Probation Officer; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty for any reason other than those expressly enumerated in the "Waiver of Right to Appeal and Post-conviction Relief" section of this plea agreement;

b) That the defendant be remanded to the custody of the Bureau of Prisons and incarcerated for a term WITHIN the advisory United States Sentencing Guideline range as that is determined by the court on the date that the sentence is pronounced;

c) That following the said term of imprisonment, the defendant be placed on supervised release for a period of life, subject to the standard conditions of supervised release as set forth in U.S.S.G § 5D1.3, and to the following special conditions:

   a. That the defendant be required to be registered as a sex offender for the full term of his supervised release or for

Defendant's Initials A-2

the full term provided for under the law of the jurisdiction he chooses as his domicile, whichever is longer;

b. That the defendant not have contact with any child under the age of 18, without the presence of an adult and approved in advance by the Probation Officer. This includes prohibiting the defendant from having any contact with any child by telephone or the Internet. The defendant shall immediately report any unauthorized contact with minor-aged children to the Probation Officer;

c. That the defendant complete a sex offender evaluation, which may include periodic psychological, physiological, polygraph, and plethysmography testing at the direction of the Probation Officer;

d. That the defendant participate and successfully complete an approved state-certified sex offender treatment program, including compliance with all lifestyle restrictions and treatment requirements of the program. The defendant shall allow reciprocal release of information between the Probation Officer and the

Defendant's Initials A.Z

treatment provider.   The defendant shall contribute to the cost of treatment according to the defendant's ability to pay;

e.  That the defendant shall initially register with the state sex offender registration agency in Alabama according to Alabama state law, and shall also register with the state sex offender registration agency according to the law of any state in which the defendant resides, is employed, or is attending school.  The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information.   The defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment; and

f.  That the defendant be prohibited from using any computer, or any other device, with Internet access, unless approved in advance by the Probation Officer, or required for employment.   If approved by the Probation Officer, or required for employment, the defendant must allow the

Defendant's Initials A-2

Probation Officer or designee to conduct random inspections, including retrieval and copying of data from any computer, and any personal computing device that the defendant possesses or has access to, including any internal or external peripherals. This may require temporary removal of the equipment for a more thorough inspection. The defendant shall not possess or use any data encryption technique or program. According to the defendant's ability to pay, the defendant shall purchase and use such hardware and software systems that monitor the defendant's computer usage, if directed by the Probation Officer.

d) That the defendant be required to pay a fine in accordance with the sentencing guidelines, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release;

e) That the defendant be required to pay restitution in an amount to be determined by the Court, but not less than $3,000 per victim;

Defendant's Initials _A.Z_

f)  That the defendant pay a special assessment fee of $100 per count of conviction, said amount due and owing as of the date sentence is pronounced, and an additional special assessment fee of $5,000 per count of conviction, if he is non-indigent;

g)  That the defendant pay an AVAA special assessment fee in accordance with 18 U.S.C. § 2259A;

h)  Should the Government learn that the defendant has sexually abused or assaulted any minor, or committed any other crime of violence or if any other victim should come forward prior to the defendant's sentencing, this agreement will be considered **NULL AND VOID.**

## IV. <u>WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF</u>

**In consideration of the recommended disposition of this case, I, ANTONIO ZAPATA CHAIREZ, hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the court might impose.  Further, I waive and give up the right to challenge my conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any**

Defendant's Initials

post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255, and any argument that (1) the statute(s) to which I am pleading guilty is or are unconstitutional or (2) the admitted conduct does not fall within the scope of the statute(s).

The defendant reserves the right to contest in an appeal or post-conviction proceeding any or all of the following:

(a)    Any sentence imposed in excess of the applicable statutory maximum sentence(s);

(b)    Any sentence imposed in excess of the guideline sentencing range determined by the court at the time sentence is imposed; and

(c)    Any claims of ineffective assistance of counsel.

The defendant acknowledges that before giving up these rights, the defendant discussed the Federal Sentencing Guidelines and their application to the defendant's case with the defendant's attorney, who explained them to the defendant's satisfaction.    The defendant further acknowledges and understands that the government retains its right to appeal where authorized by statute.

Defendant's Initials A-Z

**I, ANTONIO ZAPATA CHAIREZ, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.**

_Antonio Zapata_
**ANTONIO ZAPATA CHAIREZ**

## V. UNITED STATES SENTENCING GUIDELINES

Defendant's counsel has explained to the defendant, that in light of the United States Supreme Court's decision in <u>United States v. Booker</u>, the federal sentencing guidelines are **advisory** in nature.    Sentencing is in the Court's discretion and is no longer required to be within the guideline range.    The defendant agrees that, pursuant to this agreement, the court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range, and defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI. AGREEMENT NOT BINDING ON COURT

The defendant fully and completely understands and agrees that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the government is **NOT BINDING UPON THE COURT,** and that the Court is not required to accept the government's recommendation.    Further,

Defendant's Initials _AZ_

the defendant understands that if the Court does not accept the government's recommendation, the defendant does not have the right to withdraw the guilty plea.

## VII. **VOIDING OF AGREEMENT**

The defendant understands that should the defendant move the Court to accept the defendant's plea of guilty in accordance with, or pursuant to, the provisions of North Carolina v. Alford, 400 U.S. 25 (1970), or tender a plea of *nolo contendere* to the charges, this agreement will become NULL and VOID.  In that event, the Government will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein.

## VIII. **SUBSEQUENT CONDUCT**

**The defendant understands that should the defendant violate any condition of pretrial release or violate any federal, state, or local law, or should the defendant say or do something that is inconsistent with acceptance of responsibility, the United States will no longer be bound by its obligation to make the recommendations set forth in paragraph V of the Agreement, but instead, may make any recommendation deemed appropriate by the United States Attorney in her sole discretion.**

Defendant's Initials A. Z

## IX. OTHER DISTRICTS AND JURISDICTIONS

The defendant understands and agrees that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

## X. COLLECTION OF FINANCIAL OBLIGATION

In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to fully disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The defendant also will promptly submit a completed financial statement to the United States Attorney's Office, in a form that it provides and as it directs. The defendant also agrees that the defendant's financial statement and disclosures will be complete, accurate, and truthful. Finally, the defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

## XI.   AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITUTION

As part of the defendant's plea agreement, the defendant admits to the above facts associated with the charges and relevant conduct for any other acts. The

Defendant's Initials

defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines. The defendant admits that all of the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct. This agreement is not meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors which may constitute or relate to relevant conduct.

The defendant agrees that restitution is ordered by the Court under 18 U.S.C. § 2259, which shall include the defendant's total offense conduct. The defendant agrees and understands that any payment schedule imposed by the Court is without prejudice to the United States to take all actions and take all remedies available to it to collect the full amount of the restitution. Additionally, if this agreement contains any provisions providing for the dismissal of any counts, the defendant agrees to pay any appropriate restitution to each of the separate and proximate victims related to those counts should there be any.

The defendant agrees that the restitution, restitution judgment, payment provisions, and collection actions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The defendant further agrees that

Defendant's Initials A-L

any restitution collected and/or distributed will survive him, notwithstanding the abatement of any underlying criminal conviction after execution of this agreement.

## XII.  TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS

Unless otherwise specified herein, the defendant understands and acknowledges that this agreement does not apply to or in any way limit any pending or prospective proceedings related to defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

Defendant recognizes that pleading guilty may have consequences with respect to defendant's immigration status if defendant is not a citizen of the United States.   Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty.   Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including defendant's attorney or the district court, can predict to a certainty the effect of defendant's conviction on defendant's immigration status.   Defendant nevertheless affirms that he/she wants to plead guilty regardless of any immigration consequences that defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

The defendant agrees to identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past five years, or in which the

Defendant's Initials

defendant has or had during that time any financial interest.   The defendant agrees to take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant.

## XIII.   SEX-OFFENDER REGISTRATION

The defendant understands that by pleading guilty, defendant will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to Title 18 U.S.C. § 3583(d) and this Plea Agreement.   The defendant also understands that, independent of supervised release, he will be subject to federal and state sex-offender-registrant requirements, and that those requirements may apply throughout his life and may be initiated by the entering of his plea of guilty or a finding of guilt, regardless of whether a sentence has been imposed or adjudication has been withheld.   The defendant understands that he shall keep his registration current, shall notify the state sex-offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information.   The defendant shall comply with requirements to periodically verify in person his sex-offender registration information.   The defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex-offender registration requirements.   If defendant resides in Alabama prior to incarceration or following

Defendant's Initials A. Z

release from prison, he/she will be subject to the registration requirements of Alabama Code §§ 15-20A-1, et seq., 13A-11-200, et seq., and other relevant Alabama law, which includes a registration requirement after a plea of finding of guilt. The defendant further understands that, under Title 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon defendant's release from confinement following conviction.

## XIV. **DEFENDANT'S UNDERSTANDING**

I have read and understand the provisions of this agreement consisting of **25 (twenty-five)** pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence in my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO**

Defendant's Initials

**INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated here: _____

[State "None" if no drugs, medications, or alcohol within past 48 hours.]

I understand that this Plea Agreement will take effect and will be binding as to the parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this Agreement and have signed the signature line below to indicate that I have read, understand, and approve all of the provisions of this Agreement, both individually and as a total binding agreement.

3/22/22
_____
DATE

_____
ANTONIO ZAPATA CHAIREZ
Defendant

## XV. <u>COUNSEL'S ACKNOWLEDGMENT</u>

I have discussed this case with my client in detail and have advised my client of all of my client's rights and all possible defenses.   My client has conveyed to me that my client understands this Agreement and consents to all its terms.   I believe the plea and disposition set forth herein are appropriate under the facts of this case

Defendant's Initials _A-Z_

and are in accord with my best judgment.    I concur in the entry of the plea on the terms and conditions set forth herein.

3/24/22
DATE

S. RANDALL HORTON
Defendant's Counsel

## XVI. **GOVERNMENT'S ACKNOWLEDGMENT**

I have reviewed this matter and this Agreement and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

PRIM F. ESCALONA
United States Attorney

3/24/2022
DATE

R. LEANN WHITE
Assistant United States Attorney

Defendant's Initials A.7